MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
Email: mhauf@ganzhauf.com
JOLENE J. MANKE, ESQ.
Nevada Bar No. 7436
Email: jmanke@ganzhauf.com
GANZ & HAUF
8950 W. Tropicana, Suite 1
Las Vegas, NV 89147
Telephone: (702) 598-4529
Facsimile: (702) 598-3626
*Attorneys for Plaintiff*
*JAMES M. HERNDON*

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
               COUNSEL/PARTIES OF RECORD

            JAN - 8 2019

        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMES M. HERNDON, individually,

      Plaintiff,

vs.

HENDERSON POLICE DEPARTMENT, a political entity; SGT. M. GILLIS, an agent and sergeant of HPD in his individual and official capacity; OFFICER L. GOOD, an agent and officer of HPD in his individual and official capacity; OFFICER A. NELSON, an agent and officer of HPD in his individual and official capacity; OFFICER D. NERBONNE, an agent and officer of HPD in his individual and official capacity; OFFICER D. RUSSO, an agent and officer of HPD in his individual and official capacity; OFFICER E. VEGA, an agent and officer of HPD in his individual and official capacity; DOE OFFICERS 1 to 10, ROE ENTITIES 11 through 20, inclusive,

      Defendants.

CASE NO.:  2:19-cv-00018-GMN-NJK

**COMPLAINT**

      Plaintiff, JAMES M. HERNDON, by and through his counsel, MARJORIE HAUF, ESQ. of the law firm of GANZ & HAUF, for his causes of action against Defendants, hereby complains and alleges as follows:

/ / /

/ / /

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

**JURISDICTION**

1.     This action seeks monetary damages for violations of Plaintiff JAMES M. HERNDON's civil rights, privileges and immunities pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S. C. §§ 1331, 1343 and 1367.

**VENUE**

2.     Venue is proper in the District of Nevada pursuant to 28 U.S. C. § 1391 as the actions described herein occurred in Clark County, Nevada, and Defendants reside in Clark County, Nevada.

**PARTIES**

3.     At all times herein, Plaintiff, JAMES M. HERNDON, individually, was and is a resident of Clark County, Nevada.

4.     Defendant HENDERSON POLICE DEPARTMENT ("HPD") is a political entity formed and operated pursuant to Nevada Revised Statutes and at all times relevant here was responsible for the enforcement of law and protection of the citizens of the City of Henderson. HPD is also responsible for the training, hiring, control and supervision of all of its agents and sergeants/officers, as well as the implementation and maintenance of official and unofficial policies relevant to the function of a police entity. At all times relevant to this Complaint, HPD employed, supervised and controlled the individual officers named herein, as well as Defendant DOE OFFICERS 1 through 10.

5.     Defendant SGT. M. GILLIS ("Gillis") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police sergeant of HPD. He is sued both individually and in his capacity as an agent and police sergeant of HPD.

6.     Defendant OFFICER L. GOOD ("Good") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

officer of HPD. He is sued both individually and in his capacity as an agent and police officer of HPD.

7.    Defendant OFFICER A. NELSON ("Nelson") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police officer of HPD. He is sued both individually and in his capacity as a police officer with HPD.

8.    Defendant OFFICER D. NERBONNE ("Nerbonne") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police officer of HPD. He is sued both individually and in his capacity as a police officer with HPD.

9.    Defendant OFFICER D. RUSSO ("Russo") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police officer of HPD. He is sued both individually and in his capacity as a police officer with HPD.

10.    Defendant OFFICER E. VEGA ("Vega") is, and at all times relevant herein, was, a resident of Clark County, Nevada acting under color of law and under color of authority as a police officer of HPD. He is sued both individually and in his capacity as a police officer with HPD.

11.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants herein designated as DOE OFFICERS 1 through 10 and ROE ENTITIES 11 through 20, are unknown to Plaintiff at this time, who, therefore, sues these Defendants by such fictitious names. Plaintiff alleges that each named Defendant and Defendant designated as DOE OFFICERS negligently, willfully, maliciously, unlawfully, contractually, vicariously or otherwise are legally responsible for the events and happenings herein referred to and likewise proximately caused injury and damage to Plaintiff. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated as DOE OFFICERS 1 through 10 and ROE ENTITIES 11 through 20 are responsible for the wrongful or related acts complained of and described more fully herein, and include, but are not limited to, additional HPD officers, sergeants, or others involved in the

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

1  supervision, instruction and/or training of Gillis, Good, Nelson, Nerbonne, Russo, Vega and other

2  HPD agents and sergeants/officers, along with additional public servants involved in the actions

3  specifically described in this Complaint.  Plaintiff will seek leave to amend this Complaint to allege

4
5  the true names and capacities of Defendant DOE OFFICERS and ROE ENTITIES and join such

6  Defendants in this action as they become known.

7  12.    DOES I through X and ROE CORPORATIONS I through X may be employers of

8  Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

9  Except as otherwise provided in NRS 41.745, whenever any person
   shall suffer personal injury by wrongful act, neglect or default of
10  another, the person causing the injury is liable to the person injured for
   damages; and where the person causing the injury is employed by
11  another person or corporation responsible for his conduct, that person
   or corporation so responsible is liable to the person injured for damages.
12

13  **GENERAL ALLEGATIONS**

14  13.    On January 14, 2018, Plaintiff was employed as an assistant manager for Sportsman's

15  Warehouse located at 701 Marks Street, Henderson, Nevada 89052.

16
17  14.    While working that day, Plaintiff was contacted by the store's loss prevention

18  manager, Jeremy Hagood ("Hagood"), at approximately 3:20 in the afternoon and told that three (3)

19  individuals inside the store were being observed by the loss prevention department.  Hagood

20  believed one (1) of the individuals ("the suspect") had attempted to steal merchandise from the store

21  the previous day.

22  15.    The previous day, January 13, 2018, at approximately the same time in the afternoon,

23  Hagood had observed the suspect attempting to steal merchandise, but he then abandoned the

24  merchandise and left the store.  After exiting the store, the suspect was observed removing the license

25  plate from a pickup truck that he then drove from the property.

26
27  16.    While two (2) of the individuals exited the store on January 14, 2018, to wait beside

28  a pickup truck in the parking lot, the suspect remained inside the store.  The suspect selected several



GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

boxes of ammunition and placed them in a basket he was carrying. The suspect then went to another aisle where he took a belt from a rack, put it on his waist and concealed it beneath his shirt. He took the price tag off the belt and put it in the basket. The suspect then went to another aisle and used a camouflage hoodie jacket to block his actions from view as he took the boxes of ammunition from the basket and put them inside his front right pocket. As the suspect was entering another aisle a handgun came out of the back of his waistband along with his wallet, and both items fell to the floor. The suspect picked up the handgun and wallet and returned them to the back of his waistband. The suspect then went to the camping department and made his way to the clothing department.

17.     After the two (2) individuals left the store to wait beside the pickup truck, Hagood called 9-1-1 to report a theft in progress involving a firearm. Using outdoor CCTV, Hagood provided the 9-1-1 operator the pickup truck's license plate, and advised that the other two (2) individuals in the parking lot had not committed any theft. While Hagood monitored the store's CCTV, he had another store employee open the back door for HPD.

18.     Defendants Gillis, Good, Russo, Nelson, Nerbonne and Vega all arrived at the store where the suspect was inside and the other two (2) individuals were waiting by the pickup truck in the parking lot.

19.     Defendants Gillis, Good and Nerbonne were inside the backroom located on the west side in the rear of the store while Defendants Russo and Vega were inside the front of the store. Plaintiff was at the back of the store at the same time as Defendants Good and Nerbonne.

20.     The decision was then made for Defendants Nerbonne and Good to approach in a northeast direction and detain the suspect with Defendant Gillis carrying an M4 rifle moving left (northward) from the rear of the store toward the northwest in a 90 degree position along the inside perimeter a few aisles away from the suspect, who was in the center of the store closest to the north wall of the store. Defendants Russo and Vega were to maintain their position at the front of the store to prevent store customers from entering and to intercept the suspect if he tried to flee.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

21.    The suspect was walking south toward Defendants Nerbonne and Good when they encountered him in a clothing aisle near the northwest corner of the store. As Defendants Nerbonne and Good approached with their weapons drawn, they pointed at the suspect and ordered him to show his hands and not move or he would be shot.

22.    The suspect initially held up his hands and dropped the basket, but he then began sidestepping to the east toward the front of the store, ignoring commands to get down onto his knees and face away from officers. As Defendants Gillis, Good and Nerbonne moved to prevent the suspect from getting to the front of the store, he turned east and began running toward the store entrance. Defendants Good and Nerbonne chased the suspect as he ran through the clothing department grabbing the throwing merchandise onto the floor.

23.    After the suspect ran into a store mannequin and lost his footing, Plaintiff, who was concerned about the armed suspect possibly engaging in a shootout, jumped on top of him to prevent him from getting up and continuing his escape. Immediately prior, Plaintiff had also been making his way toward the front of the store.

24.    After Plaintiff, who is a retired law enforcement officer, jumped on the suspect, Defendants Nerbonne and Good jumped on top of Plaintiff and began repeatedly punching him with closed fists on both sides of his lower back.

25.    After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Nelson, approaching from the front of the store, used overwhelming force to deliver several closed-fist strikes to Plaintiff's head.

26.    After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Russo approached the scene and delivered several closed-fist strikes to Plaintiff's head.

/ / /

/ / /

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 6 of 15

27.    After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Vega approached the scene and delivered a kick to the top of Plaintiff's head and placed his knee on the back of Plaintiff's head.

28.    After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Gillis approached the scene and immediately struck Plaintiff in the head with his rifle followed by punches. Defendant Gillis then attempted to deploy his Taser against Plaintiff in probe mode, which proved ineffective. Because Defendant Gillis believed he had a misfire or did not have good contact, he completed a drive stun gun on Plaintiff.

29.    Plaintiff, who had been sandwiched between the suspect and Defendants Nerbonne and Good, along with Defendants Russo and Vega applying force to him and Defendant Gillis hitting him in the head with his rifle butt, punching him and attempting to Tase him, had been attempting to communicate that he was not the suspect. Finally, Plaintiff was able to roll onto his side and communicate that he was a store employee and retired law enforcement officer.

30.    As a result of Defendants' actions, Plaintiff suffered significant injury, including, but not limited to, a bloody nose, bruising of his face and body, fractured orbital floor of the left eye/cheek, concussion, blurry vision, difficulty focusing on distant objects, unusual sensation in the teeth and palate, possible nerve damage, headaches, and cognitive difficulty attributed to concussion symptoms.

31.    Defendants actions described herein were performed within the course and scope of their employment with HPD.

### FIRST CAUSE OF ACTION

### (Violation of Civil Rights under 42 U.S.C. § 1983 Against All Defendants)

32.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 as though the same were fully set forth herein.

GANZ & HAUF
8860 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

33.    Defendants engaged in a joint venture in violation of Plaintiff's Constitutional rights, including violations of his Fourth and Fourteenth Amendment rights.

34.    In doing so, at all times relevant hereto, Defendants were acting within the course and scope of their authority as agents and sergeants/officers of HPD acting under color of state law when engaging in an unlawful search and seizure and unreasonable use of excessive and potentially lethal force.

35.    Defendants' actions were committed knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff, or at a minimum were performed with a reckless disregard for Plaintiff's rights and safety.

36.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants, and each of them individually in excess of $15,000.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights – Municipal Liability Against HPD)

37.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 as though the same were fully set forth herein.

38.    Upon information and belief, Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega's actions in jumping on top of Plaintiff and proceeding to hit, kick, punch, and attempt to Tase him while he was trying to communicate that he was not the suspect were a direct result of their training and experience and their understanding of HPD's customs, practices and policies despite their dangerous and potentially fatal application.

39.    As a result of Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega following HPD's custom, practice and policies while acting under color of state law, engaging in unlawful search and seizure, and unreasonably using excessive and potentially lethal force, Plaintiff was deprived of his bodily integrity.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

40.    Plaintiff has been damaged as a proximate result of HPD's customs, practices and policies, including, but not limited to, a bloody nose, bruising of his face and body, fractured orbital floor of the left eye/cheek, concussion, blurry vision, difficulty focusing on distant objects, unusual sensation in the teeth and palate, possible nerve damage, headaches, and cognitive difficulty attributed to concussion symptoms.

41.    HPD's actions were committed knowingly, willfully and maliciously with the intent to harm, injure, vex, harass and oppress Plaintiff, or at a minimum, were performed with a reckless disregard for Plaintiff's rights and safety.

42.    As a result of HPD's unlawful conduct, Plaintiff is entitled to compensatory and punitive damages, reasonable attorneys' fees and costs against Defendants in excess of $15,000.

**THIRD CAUSE OF ACTION**

**(Battery Against All Defendants)**

43.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 as though the same were fully set forth herein.

44.    The acts of Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega constituted a battery against Plaintiff inasmuch as their contact with Plaintiff's body was intentional, unlawful, harmful, and constituted more force than was reasonably necessary under the circumstances.

45.    Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega were acting within the course and scope of their employment with HPD when committing the battery.

46.    HPD is liable for Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega's battery as their employer.

47.    As a result of Defendants' battery, Plaintiff has been damaged in an amount in excess of $15,000.

48.    Plaintiff is further entitled to punitive damages as a result of Defendants' battery.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 835-4529
Fax: (702) 835-3626

49. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Negligence Against Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 as though the same were fully set forth herein.

51. Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega owed Plaintiff a duty of care to approach and detain the suspect in a reasonable and safe manner, and to avoid causing unnecessary physical harm and distress to citizens in the exercise of their police duties.

52. Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega breached their duty of care by, *inter alia*, physically harming Plaintiff when it was unnecessary and unreasonable to do so.

53. Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega's negligence was, *inter alia*, a direct and proximate cause of Plaintiff's injuries.

54. As a result of Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega's negligence, Plaintiff has been damaged in an amount in excess of $15,000.

55. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Negligent Training and Supervision under 42 U.S. C. § 1983 Against HPD)

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 55 as though the same were fully set forth herein.

57. At all times relevant hereto Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega were acting with the course and scope of their authority as agents and sergeants/officers of Defendant HPD.

GANZ&HAUF
8850 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 10 of 15

58.    Upon information and belief, HPD is responsible for establishing and implementing proper procedures for apprehending and detaining suspects.

59.    Upon information and belief, HPD is responsible for training its agents and sergeants/officers in proper procedures for apprehending and detaining suspects.

60.    Upon information and belief, HPD knew, or knew or reasonably should have known, the procedures it established and implemented for apprehending and detaining suspects were dangerous and would lead to serious injury or death.

61.    Upon information and belief, HPD knew, or reasonably should have known, its training of agents and sergeants/officers in procedures for apprehending and detaining suspects was dangerous and would lead to serious injury or death.

62.    HPD has a duty to the public to establish and implement proper procedures for apprehending and detaining suspects.

63.    HPD has a duty to the public to properly train and supervise its agents and sergeants/officers relating to apprehending and detaining suspects to maintain the safety and security of the public.

64.    HPD breached its duty of care by inadequately establishing and implementing proper procedures for apprehending and detaining suspects.

65.    HPD breached its duty of care by inadequately training and supervising HPD agents sergeants/officers in apprehending and detaining suspects.

66.    As a result of HPD's failure to properly establish and implement proper procedures for apprehending and detaining suspects, Plaintiff's Constitutional rights were violated.

67.    As a result of HPD's failure to properly train and supervise its agents and sergeants/officers in apprehending and detaining suspects, Plaintiff's Constitutional rights were violated.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

68.     HPD's failure to properly establish and implement proper procedures and policies for apprehending and detaining suspects was done with deliberate indifference to the rights of Plaintiff.

69.     HPD's failure to properly train or supervise Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega in proper procedures and policies for apprehending and detaining suspects was done with deliberate indifference to the rights of Plaintiff.

70.     As a direct and proximate result of Defendant HPD's failure to establish and implement proper procedures and policies for apprehending and detaining suspects, Plaintiff was damaged and is entitled to compensation for his pain and suffering, emotional distress and other related costs.

71.     As a direct and proximate result of Defendant HPD's failure to train or supervise Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega relating to apprehending and detaining suspects, Plaintiff was damaged and is entitled to compensation for his pain and suffering, emotional distress and other related costs.

72.     Plaintiff has been damaged in an amount in excess of $15,000.

73.     Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### (Negligent Hiring and Retention Against HPD)

74.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 73 as though the same were fully set forth herein.

75.     HPD has a duty to properly investigate candidates' backgrounds to monitor agents and sergeants/officers' conduct to ensure suitability for the tasks they are assigned.

76.     HPD knew, or reasonably should have known that Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega were not fit for the task assigned to them.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 12 of 15

77.    HPD breached its duty of care by, *inter alia*, employing and continuing to employ Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega.

78.    As a result of HPD's negligent hiring and retention, Plaintiff has been damaged in an amount in excess of $15,000.

79.    Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

80.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 79 as though the same were fully set forth herein.

81.    At all times relevant hereto Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega were acting within the course and scope of their authority as agents and sergeants/officers of HPD.

82.    At all times relevant hereto, Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega were acting in concert with one another.

83.    Defendants Gillis, Good, Nelson, Nerbonne, Russo and Vega conducted as described herein, including the unlawful use of excessive force, was performed with either the intention of or in reckless disregard for causing emotional distress to Plaintiff in violation of his rights, welfare and safety, to wit:

a.    After Plaintiff jumped on the suspect, Defendants Nerbonne and Good jumped on top of Plaintiff and began repeatedly punching him with closed fists on both sides of his lower back;

b.    After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Nelson, approaching from the front of the store, used overwhelming force to deliver several closed-fist strikes to Plaintiff's head;



GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

c. After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Russo approached the scene and delivered several closed-fist strikes to Plaintiff's head;

d. After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Vega approached the scene and delivered a kick to the top of Plaintiff's head and placed his knee on the back of Plaintiff's head; and

e. After Plaintiff was on top of the suspect and Defendants Nerbonne and Good were on top of Plaintiff, Defendant Gillis approached the scene and immediately struck Plaintiff in the head with his rifle, followed by punches. Defendant Gillis then attempted to deploy his Taser against Plaintiff in probe mode, which proved ineffective. Because Defendant Gillis believed he had a misfire or did not have good contact, he completed a drive stun gun on Plaintiff.

84. As a direct and proximate cause of Defendants, and each of theirs, unlawful conduct Plaintiff suffered severe or emotional distress, causing him damages which entitle him to compensation for pain and suffering, lost earnings, lost earning capacity, medical expenses and other related costs in excess of $15,000.

85. Plaintiff is further entitled to punitive damages as a result of Defendants' intentional infliction of emotional distress.

86. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff pays relief as follows:

1. For compensatory damages in excess of $15,000.00;

2. For punitive damages in an amount to be determined at trial;

3. For special damages, including medical expenses;

4. For reasonable attorneys' fees and costs;


GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

5.      For pre- and post-judgment interest on any award rendered herein; and

6.      For such other and further relief as the Court deems just and proper.

Dated this 3rd day of January, 2019.

GANZ & HAUF

*/s/ Marjorie Hauf, Esq.*

MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
JOLENE M. MANKE, ESQ.
Nevada Bar No. 7436
*Attorneys for Plaintiff*

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626