# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES M. HERNDON,<br>　　　Plaintiff(s),<br>v.<br>CITY OF HENDERSON,<br>　　　Defendant(s). | Case No.: 2:19-cv-00018-GMN-NJK<br>**Order**<br>[Docket No. 41] |

Pending before the Court is Plaintiff's motion to compel discovery, which was filed on an emergency basis. Docket No. 41.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").[1]

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on

---

[1] Notwithstanding this rule, the instant motion is the second emergency motion filed by Plaintiff in two days. *See also* Docket No. 39.

an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

The instant motion arises out of a notice of deposition and subpoena duces tecum. *See* Mot. at 3. Defendants responded with written objections, on or about August 5, 2020. *See* Docket No. 41-4.[2] Nonetheless, a meet-and-confer on those objections was not held until September 3,

---

[2] The dates as provided in the motion and exhibits do not make sense. The declaration in support of the motion asserts that the discovery was served on August 6, 2020, but the exhibits themselves provide a service date of August 7, 2020. *Compare* Mot. at 3 *with* Docket Nos. 41-2, 41-3. Complicating matters further, the indications in both the declaration and exhibit are that the objections were served before either of those dates on August 5, 2020. *See* Mot. at 3 n.5; Docket No. 41-4. Plaintiff does not explain how it is that objections were apparently served before discovery, nor does Plaintiff explain which of these dates as stated in the underlying documentation

2020. *See* Mot. at 3. Plaintiff did not file the instant motion until September 10, 2020. Plaintiff now seeks emergency treatment of the motion on the premise that he would like the underlying discovery to be produced before the upcoming deposition set for September 16, 2020. The need for emergency relief, however, appears to stem from Plaintiff's own failure to more expeditiously engage in the meet-and-confer process and file the instant motion. The fact that Plaintiff waited until less than a week before the subject deposition to file the instant motion to compel does not justify emergency treatment whereby the motion cuts to the front of the line ahead of the many other matters pending before the undersigned. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010) (Leen, J.) (explaining that "other cases, motions filed, scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to hear a party's perceived 'emergency'" and instead waiting to resolve the motion until it "has worked its way up the tall stack of matters on my desk").

Accordingly, the Court declines to give the motion emergency consideration. Instead, the motion will be briefed pursuant to the schedule previously provided, *see* Docket No. 25, and will be decided in the ordinary course.[3]

IT IS SO ORDERED.

Dated: September 11, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

may be wrong. A movant bears an initial burden of providing the factual basis supporting the requested relief, including establishing the circumstances that justify receiving expedited resolution of the motion. *Cf. Silvagni v. Wal-Mart-Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017). Plaintiff having failed to clearly identify the pertinent dates here, the Court assumes for purposes of this order that the objections were served on or about August 5, 2020.

[3] The Court expresses no opinion herein as to the merits of the motion.