# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES M. HERNDON,

    Plaintiff(s),

v.

CITY OF HENDERSON, et al.,

    Defendant(s).

Case No.: 2:19-cv-00018-GMN-NJK

**Order**

[Docket Nos. 41, 43]

Pending before the Court is Plaintiff's motion to compel production of certain earlier publications of expert Jack Ryan. Docket No. 41. Defendants filed a response in opposition, as well as a motion to extend the deadline for that response. Docket Nos. 43, 43-1. Plaintiff filed a reply. Docket No. 45. A hearing on these motions is not necessary. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to extend (Docket No. 43) is **GRANTED** and the motion to compel (Docket No. 41) is **DENIED**.

**I.  UNTIMELY OPPOSITION PAPERS**

The first issue before the Court is Defendants' motion to retroactively extend the briefing schedule given their failure to file a timely response to the motion to compel. Docket No. 43. Defendants essentially argue that their failure to meet the deadline was the result of a calendaring error that was exacerbated by staffing limitations given pandemic-related restrictions, but that they rectified the failure promptly by filing their brief a few days late. *See id.* at 2-4. The circumstances do not exemplify best practices for lawyering. Nonetheless, the Court finds excusable neglect to retroactively extend that deadline. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (discussing factors). Accordingly, the motion to extend (Docket No. 43) will be granted. Defense counsel is cautioned moving forward, however, that the Court expects strict compliance with its orders, the governing rules, and all deadlines.

1

## II.     MOTION TO COMPEL

### A.     STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). It is axiomatic that courts do not compel the production of materials that were not sought in a propounded discovery request. *E.g.*, *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (collecting cases); *Barnum v. Equifax Info. Servs., LLC*, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018).

### B.     ANALYSIS

The instant motion to compel seeks an order requiring the production of certain manuals that were identified as prior publications in the background section of Mr. Ryan's expert report. *See* Docket No. 41-1 at ¶ 4. Plaintiff argues that such publications must be produced because they are discoverable under Rule 26. *See* Docket No. 41 at 7; *see also* Docket No. 45 at 3 ("The Court now need only determine if [the materials] are relevant and proportional to the needs of this case"). Defendants counter that the discoverability of the publications is not even at issue because there are no discovery requests to which these publications are responsive. *See* Docket No. 43-1 at 10-11.[1] Defendants have the better argument.

As noted above, a threshold issue is whether the materials that Plaintiff seeks to obtain are within the scope of the discovery requests that Plaintiff propounded. Plaintiff's motion is premised on four document requests. The first seeks production of documents that Mr. Ryan <u>received regarding the allegations in this case</u>. The second seeks production of documents that Mr. Ryan <u>reviewed in formulating his opinions in this case</u>. The third seeks production of documents that

---

[1] Pin-citations herein are made based on the pagination assigned to this brief by CM/ECF.

Mr. Ryan <u>prepared in relation to his opinions in this case</u>. The fourth seeks documents regarding Mr. Ryan's <u>conversations with persons about this case</u>. *See* Docket No. 41 at 6-7.

The materials in dispute were written long ago. *See* Docket No. 41-1 at ¶ 2. Mr. Ryan has testified that he did not review or otherwise rely on them with respect to his opinion in this case. *See* Docket No. 43-1 at ¶ 23.[2] Moreover, Defense counsel has attested that she has already produced all responsive documents, the universe of which does not include the publications currently in dispute. *E.g.*, *id.* at ¶¶ 17, 3-33. In short, the materials that Plaintiff seeks plainly do not fit within any of the requests that were actually propounded.

Because the materials in dispute are not within the scope of the discovery requests, the motion to compel their production will be denied.

## III.  CONCLUSION

For the reasons discussed above, the motion to extend (Docket No. 43) is **GRANTED** and the motion to compel (Docket No. 41) is **DENIED**.

IT IS SO ORDERED.

Dated: October 7, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff's reply provides no meaningful discussion on this issue, providing only that Mr. Ryan must have considered his own manuals in formulating his opinions in this case. *See* Docket No. 45 at 2. Plaintiff's *ipse dixit* is not persuasive, particularly given that the record is directly to the contrary.