# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| JAMES M. HERNDON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00018-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| CITY OF HENDERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff James M. Herndon's Motion to Retax Costs, (ECF No. 145). Defendants City of Henderson, M. Gillis, L. Good, A. Nelson, D. Nerbonne, D. Russo, and E. Vega filed a Response, (ECF No. 146), to which Plaintiff filed a Reply, (ECF No. 149). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** the Motion to Retax Costs.

I.  **BACKGROUND**

This case arises from a police-involved incident at a Sportsman's Warehouse during which Defendant Sergeant M. Gillis allegedly struck Plaintiff in the head with a rifle and attempted to tase him. (*See generally* First Am. Compl. ("FAC"), ECF No. 13). The facts of this case were set forth in detail in the Court's prior Order granting summary judgment for Defendants, (ECF No. 137).

The Court initially granted summary judgment for Defendants on Plaintiff's federal law claims because the Court found that Plaintiff had not been seized, and the Court declined to exercise jurisdiction over the remaining state law claims. (First Mot. Summ. J. Order, ECF No. 93). On appeal, the Ninth Circuit concluded that Plaintiff was seized, and reversed and remanded. (Mem. Dec., ECF No. 111). On renewed cross motions for summary judgment, this

Court again granted summary judgment for Defendants, this time on qualified immunity grounds. (Second Mot. Summ. J. Order, ECF No. 137).

Because the Court dismissed the state claims without prejudice for lack of subject matter jurisdiction, Plaintiff refiled his state claims in state court. At the time of briefing, the state court case was still pending. (Mot. Retax Costs 3:11–12, ECF No. 145). News articles have since reported that a state court jury awarded Plaintiff $450,000 for his state law claims.[1]

After judgment was entered in favor of Defendants in this Court, Defendants filed their Bill of Costs, requesting $12,761.67 in costs. (Bill of Costs, ECF No. 139). Plaintiff filed an objection. (Obj. to Bill of Costs, ECF No. 140). The Clerk taxed costs in the amount of $12,691.67, overruling all but one of Plaintiff's objections: The Clerk reduced the amount requested for fees for service and summons and subpoena by $70.00 in light of Plaintiff's objection to a FedEx charge because the clerk considered these costs as general office overhead, which are costs not ordinarily allowed under Local Rule 54-13. (Clerk's Mem., ECF No. 144). The Clerk's Memorandum did not address Plaintiff's objection regarding late financial charges. (*See generally id.*). Plaintiff now moves to retax costs in this federal case. (Mot. Retax Costs, ECF No. 145).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) and Rule 54-1 of the Local Rules for the District of Nevada provide that the prevailing party shall be entitled to reasonable costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court should allow costs other than attorney fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, but vests in the district

---

[1] Briana Erickson, *'It was never about money': Man beaten by Henderson police awarded $450k*, LAS VEGAS REVIEW-JOURNAL (Mar. 7, 2024, 6:20 PM), https://www.reviewjournal.com/local/henderson/it-was-never-about-money-man-beaten-by-henderson-police-awarded-450k-3013459/, *archived at* https://perma.cc/R6XP-TBH8.

court discretion to refuse to award costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). "[A] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)).

Only certain expenses may be taxed under Rule 54(d). *See* 28 U.S.C. § 1920 (enumerating categories of expenses). Local Rules 54-2 through 54-11 list the items that can and cannot be taxed as costs in this district. Courts may not tax costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006).

Pursuant to the local rules, "[a] motion to retax must specify the particular portions of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." LR 54-12(b).

**III.  DISCUSSION**

Plaintiff makes three arguments challenging the taxation of costs. First, he argues that any request for costs is premature because, at the time of briefing, discovery from this case was still being used in the state case. (Mot. Retax Costs 5:8–15). Second, Plaintiff argues that certain costs taxed are unreasonable. (*Id.* 5:17–7:9). Third, Plaintiff contends that an award of costs should be denied because it would cause financial ruin to Plaintiff. (*Id.* 7:11–8:1). Plaintiff's first and third arguments are unpersuasive. The Court nonetheless agrees that some, but not all, challenged costs are improper.

Defendants are the prevailing party in this case. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (defining "prevailing party" as "one who has been awarded some relief by the court," such as receiving a judgment

on the merits). "The Ninth Circuit has found defendants to be the prevailing parties in a federal action where defendants obtain summary judgment on all federal claims and the court declines to exercise supplemental jurisdiction over the remaining state law claims." *Gonzalez v. Cnty. of Fresno*, No. 1:18-CV-01558-BAM, 2022 WL 686275, at *2 (E.D. Cal. Mar. 8, 2022). The state court proceedings, including Plaintiff's ultimate favorable jury verdict, do not impact the judgment entered in favor of Defendants in this case. *See, e.g.*, *id.* Thus, even though some of the costs awarded to Defendants were related to discovery the parties continued to rely on in state court, Defendants are still entitled to costs incurred in this federal case under Rule 54.

Plaintiff further argues that an award of costs should be denied because it would cause financial ruin to Plaintiff. (Mot. Retax Costs 7:11–8:1). Plaintiff attests that if forced to pay the costs, he will not be able to afford basic necessities such as food and transportation. (Herndon Aff., Ex. 5 to Reply, ECF No. 149-5). The Court declines to reduce costs in light of Plaintiff's finances. Plaintiff provided no evidence that he is indigent, and given Plaintiff's publicized jury award of $450,000, it appears Plaintiff's financial situation has changed since the filing of this Motion.

The Court now turns to Plaintiff's arguments regarding the reasonableness of certain costs. Plaintiff argues that fees for some deposition transcripts were unreasonable because Defendants did not itemize original transcripts and certified copies and instead billed them as a single item. (Mot. Retax Costs 5:22–6:8). Because it is standard business practice for reporting companies to charge for an original transcript and include a copy at no additional cost, billing them together does not make a substantive difference to the taxation of costs. *See McCall v. State Farm Mut. Auto. Ins. Co.*, No. 2:16-cv-01058-JAD-GWF, 2019 WL 2476731, at *2 (D. Nev. June 13, 2019). These costs are reasonable.

Plaintiff further argues that fees for service of summons and subpoena are not reasonable because they include rush service charges, including a FedEx charge. (Mot. Retax Costs 6:17–

7:9).  First, the Court notes that the Clerk sustained Plaintiff's objection to the FedEx charge of $70.00. (Clerk's Mem. 1:26–27).  Regarding the rush service charges, the Court agrees with the Clerk that these costs are taxable as reasonably incurred expenses of service.  Plaintiff "doesn't argue that any of the subpoenaed witnesses were not deposed, their testimony was not used at summary judgment, or they would not have been called at trial." *McCall*, 2019 WL 2476731, at *2.  And other than Plaintiff's bald statement that any need to incur rush charges resulted from Defendants' own failed planning, Plaintiff has not "shown that the expedited service charge was [Defendants'] fault." *Id.*  The Court finds that the clerk did not err in determining that these costs are taxable.

Additionally, Plaintiff asserts that late fees incurred while obtaining deposition transcripts fall outside the provisions listed in 28 U.S.C. § 1920 and should also not be taxed. (Mot. Retax Costs 6:9–15).  Plaintiff raised this issue in his objection to the Bill of Costs, but the Clerk's Memorandum does not address these fees.  Defendants' Response also fails to address these fees.  The "late fees" Plaintiff contests are listed as "Finance Charges/Debits" on the invoices from Litigation Services. (*See, e.g.*, Invoice No. 1398308, Bill of Costs at 37, ECF. No. 139).  For example, Invoice No. 1398308 states the total due is $965.50, but then states: "AFTER 9/23/2020 PAY $1,062.05." (*Id.*).  The difference of $96.55 is the "Finance Charges/Debits."  Although the invoices are unclear whether this charge is in fact a "late fee" as Plaintiff contends, the Court cannot conceive of what else this charge could be that appears to incur only after a certain date.  And Defendants have offered no other explanation for this fee.  Accordingly, the Court finds that the Finance Charges/Debits are late fees and fall outside the provisions listed in 28 U.S.C. § 1920, and therefore should not be taxed.  Plaintiff's Motion specifically cites late fees attached to the depositions of James Herndon and Matthew Wildman, which included Finance Charges/Debits of $96.55 and $57.43, respectively. (*See* Mot. Retax

Costs 6:9–15); (Invoice Nos. 1398308, 1406994, Bill of Costs at 37, 39).  The Court, in its discretion, will reduce the costs taxed by $153.98.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Retax Costs, (ECF No. 145), is **GRANTED in part and DENIED in part**.  The Court retaxes the costs to exclude $153.98 in Finance Charges/Debits from the taxable costs.

**DATED** this __13__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court